UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORMAN FRANKS,

    Plaintiff,                            CASE NO.:  6:19-cv-00377-Orl37-TBS

v.

JEYASELVAN KANAGASABAPATHY,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, JEYASELVAN KANAGASABAPATHY, through undersigned counsel, hereby serves his Answer and Defenses to the Complaint (Doc 1-1) filed on February 26, 2019, and states as follows:

### I. FIRST DEFENSE

The Complaint must be dismissed for failure to state a claim upon which relief can be granted because Defendant did not commit or engage in any unlawful practice, and Plaintiff is not entitled to any relief against him.

### II. SECOND DEFENSE

Defendant hereby responds to the allegations of the Complaint as follows:

### JURISDICTION

1.      In response to Paragraph No. 1 of the Complaint, Defendant admits only that

1

Plaintiff asserts claims against Defendant for damages for alleged violations of the Fair Labor Standards Act ("FLSA").  Defendant denies that Plaintiff is entitled to any relief whatsoever and deny the remaining allegations asserted in this Paragraph.

2.     In response to Paragraph No. 2 of the Complaint, Defendant admits Plaintiff is seeking damages in excess of $15,000.00 exclusive of attorney's fees and costs, however, Defendant denies that he engaged in any conduct that gave rise to Plaintiff's claims and denies that Plaintiff is owed any amount whatsoever in damages of any kind.

## PARTIES

3.     In response to Paragraph No. 3 of the Complaint, Defendant is without knowledge of where Plaintiff resides, and therefore, Defendant denies the allegations asserted in this Paragraph.

4.     Defendant denies the allegations asserted in Paragraph No. 4.

5.     Defendant denies the allegations asserted in Paragraph No. 5.

6.     Defendant denies the allegations asserted in Paragraph No. 6.

7.     Defendant denies the allegations asserted in Paragraph No. 7.

8.     Defendant denies the allegations asserted in Paragraph No. 8.

9.     Defendant denies the allegations asserted in Paragraph No. 9.

10.    Defendant denies the allegations asserted in Paragraph No. 10

11.    Defendant denies the allegations asserted in Paragraph No. 11

12.    Defendant denies the allegations asserted in Paragraph No. 12

13.    Defendant denies the allegations asserted in Paragraph No. 13

14.    Defendant denies the allegations asserted in Paragraph No. 14

15. Defendant denies the allegations asserted in Paragraph No. 15

## STATEMENT OF FACTS

16. Defendant admits Plaintiff performed work for Defendant, otherwise denied as to the remaining allegations asserted in Paragraph 16.

17. Defendant denies the allegations asserted in Paragraph No. 17.

18. Defendant states that no overtime pay was owed and otherwise denies all other allegations asserted in Paragraph No. 18.

19. Defendant denies the allegations asserted in Paragraph No. 19.

20. Defendant denies the allegations asserted in Paragraph No. 20.

21. Defendant denies the allegations asserted in Paragraph No. 21.

22. Defendant denies the allegations asserted in Paragraph No. 22.

23. Defendant denies the allegations asserted in Paragraph No. 23.

24. Defendant denies the allegations asserted in Paragraph No. 24.

25. Defendant denies all allegations asserted, including all subparts, in paragraph 25 including subparts thereto.

26. Defendant denies the allegations asserted in Paragraph No. 26

27. Defendant is without knowledge and therefore Defendant denies the allegations asserted in Paragraph No. 27.

## COUNT I
## VIOLATION OF 29 USC §207 OVERTIME COMPENSATION

28. Defendant restates his responses to Paragraph Nos. 1 through 27 of the Complaint as if fully incorporated herein.

29. Defendant denies the allegations asserted in Paragraph No. 29.

30. Defendant denies the allegations asserted in Paragraph No. 30.

31. Defendant denies the allegations asserted in Paragraph No. 31

32. Defendant denies the allegations asserted in Paragraph No. 32

33. Defendant denies the allegations asserted in Paragraph No. 33

34. Defendant denies the allegations asserted in Paragraph No. 34

35. Defendant denies the allegations asserted in Paragraph No. 35

With respect to the unnumbered "Wherefore" clause, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 USC §215(A)(3)

36. Defendant restates his responses to Paragraph Nos. 1 through 27 of the Complaint as if fully incorporated herein.

37. Defendant denies the allegations asserted in Paragraph No. 37

38. Defendant denies the allegations asserted in Paragraph No. 38.

39. Defendant denies the allegations asserted in Paragraph No. 39.

With respect to the unnumbered "Wherefore" clause, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

With regard to the jury trial demand contained in the un-numbered paragraph titled "JURY DEMAND" of the Complaint, Defendant admits that Plaintiff has requested a jury trial but deny that Plaintiff has any basis in law or fact to support a claim for a jury trial, denies that he committed any unlawful act, and denies that Plaintiff is entitled to any recovery against him.

### III. THIRD DEFENSE

Defendant denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant.

### IV. FOURTH DEFENSE

Plaintiff has been paid all wages which were due and owing and to which Plaintiff was entitled.

### V. FIFTH DEFENSE

Plaintiff, at all times material to this Complaint, lawfully was compensated in accordance with the FLSA, the applicable regulations of the United States Department of Labor, and judicial decisions construing the FLSA.

### VI. SIXTH DEFENSE

Defendant acted in full compliance and conformity with and in reliance on the FLSA and applicable laws, regulations, orders, opinions, and interpretations and with the enforcement policies with respect to the class of employers to which they belong and acted in good faith as a reasonably prudent entity/person would have acted under the circumstances and with a belief of reasonable compliance and of no violative actions and are not subject to any liability for alleged failure to pay wages required by the FLSA, and any claims of willful violations or for a three (3) year limitations period or for liquidated damages under the FLSA should be dismissed.

### VII. SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not filed within the applicable limitations period under the law.

## VIII. EIGHTH DEFENSE

Defendant is entitled to a setoff against any liability for amounts already paid to Plaintiff for working additional hours and all wage payments to Plaintiff (which Plaintiff has had the use of for purposes of Plaintiff's own choosing but were unearned) for time which actually was not worked by Plaintiff and hours which were not compensable.

## IX. NINTH DEFENSE

Plaintiff has the burden to prove that Plaintiff performed, but Plaintiff did not in fact perform, substantial work duties for the predominant benefit of the employer before or after Plaintiff's scheduled working hours which Defendant knew was, and permitted to be, performed, and Plaintiff is further estopped by Plaintiff's failure to notify Defendant of Plaintiff's alleged work.

## X. TENTH DEFENSE

To the extent Plaintiff's claims of unpaid compensation are *de minimis*, they should be dismissed.

## XI. ELEVENTH DEFENSE

Plaintiff waived, and/or is estopped from asserting, claims to the extent they are based on an alleged failure to pay wages, because Plaintiff did not timely advise Defendant of any alleged mistakes in payment, underpayments, or failure by Defendant to adhere to the agreed upon compensation, or because Plaintiff already received all compensation to which Plaintiff is entitled.

## XII. TWELFTH DEFENSE

Plaintiff's claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 254 as to all hours worked in which Plaintiff was engaged in activities that were preliminary or postliminary to Plaintiff's principal activities.

## XIII. THIRTEENTH DEFENSE

Some or all of the disputed time for which Plaintiff seeks recovery of wages is not compensable work under the FLSA.

## XIV. FOURTEENTH DEFENSE

Plaintiff may not recover liquidated damages because (1) Defendant acted in good faith and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.; (2) Defendant did not authorize or ratify any willful violations with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## XV. FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. §207(g), or Section 13(a) and/or (b) of the FLSA, 29 U.S.C. §213(a) and/or (b).

## XVI. SIXTEENTH DEFENSE

Plaintiff's claims may be barred, either in whole or in part, by the applicable statute of limitations under the FLSA.

## XVII. SEVENTEENTH DEFENSE

Plaintiff's alleged damages are speculative and uncertain, or both, and, therefore, noncompensable. The Complaint fails to allege any dates or periods of alleged overtime work and fails to allege any amount of wages allegedly owed.

## RESERVATION OF RIGHTS

Defendant hereby give notice that he intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery and, thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Defenses.

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded his costs, including reasonable attorneys' fees, and such other relief the court deems appropriate.

Respectfully submitted this 5th day of March 2019.

/s/David V. Barszcz
**David V. Barszcz, Esq.**
Florida Bar No. 0750581
**Mary E. Lytle, Esq.**
Florida Bar No. 0007950
**LYTLE & BARSZCZ, P.A.**
543 N. Wymore Road, Ste. 103
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
dbarszcz@lblaw.attorney
mlytle@lblaw.attorney
**Counsel for Defendant**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 5, 2019, a true and correct copy of the foregoing Notice of Removal has been forwarded via CM/ECF delivery to:  Plaintiff's Counsel Noah E. Storch, Esq., and

Robert Pecchio, Esq., of Richard Celler Legal, P.A. , 7450 Griffin Road, Suite 230, Davie, Florida 33314 (email: noah@floridaovertimelawyer.con and robert@floridaovertimelawyer.com).

        */s/ David V. Barszcz*
        David V. Barszcz, Esq.
        **Counsel for Defendant**